**In re Donald Ray SMITH, Relator.**

No. 01–98–00993–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 16, 1998.

Sallee S. Smyth, Houston, for Relator.

Alyssa P. Goldfarb Remels, Houston, for Real Parties in Interest.

Before Justices COHEN, HEDGES, and TAFT.

## OPINION

TIM TAFT, Justice.

Relator seeks habeas corpus relief from a contempt and commitment order that he be confined for violating the court's earlier child support order. We address whether a motion for enforcement of a child support order must give specific notice that criminal contempt is being sought before it may be ordered. We grant relief.

### Factual Background

As friend of the court, the Harris County Domestic Relations Office (HCDRO) filed a motion for enforcement of the court's child support order. In its motion for enforcement, when requesting enforcement through the remedy of contempt, the HCDRO stated:

> MOVANT requests the Court to hold RESPONDENT in contempt for disobedience of this Court's Order as alleged herein and that for the alleged acts of contempt, punishment be fixed at confinement in the County Jail *until RESPONDENT purges himself* as ordered by the Court, but in any event not more than six months.

(emphasis added).

Smith directed special exceptions at the enforcement motion, including one that asserted it did not provide sufficient notice of the extent of punishment sought as required by section 157.002 of the Texas Family Code.[1] At the special exceptions hearing, the court approved Smith's stipulation withdrawing his request for a jury trial in return for HCDRO's stipulation that it was seeking no more than six months concurrent incarceration for each contempt count alleged against Smith.

Immediately following the hearing on special exceptions, the court heard HCDRO's motion for enforcement. At the hearing's conclusion, the court signed the contempt and commitment order, which found Smith guilty of numerous acts of contempt of the child support order. As punishment for those acts, the court ordered him confined for 180 days for each count, to run concurrently. Without specifying its purpose, the court also provided that within 90 days it would hold a review hearing. The court made no provisions for actions Smith could take to avoid serving the entire 180-day period.

---

1. "A motion for enforcement must, in ordinary concise language ... state the relief requested by movant." TEX. FAM. CODE ANN. § 157.002(a)(3) (Vernon 1996).

### Notice Requirement for Criminal Contempt

In issue two, Smith contends he is entitled to relief because he was deprived of due process of law in that the motion for enforcement only sought civil coercive contempt incarceration, but the court ordered criminal punitive contempt incarceration. We agree.

For this Court to order Smith's release, the trial court's contempt order must be void, either because it was beyond the power of the court or because it deprived Smith of his liberty without due process of law. *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex.1980). Incarceration under a civil contempt order compels future compliance through the use of a provision by which the contemnor may purge himself of contempt. *Ex parte Durham*, 921 S.W.2d 482, 485–86 (Tex.App.—Corpus Christi 1996, orig. proceeding). In contrast, criminal contempt proceedings involve the court's confinement of the contemnor as punishment for a completed affront to the court in order to vindicate the court's authority. *Id.* at 486. The Texas Family Code provides that a motion for enforcement must state the relief requested by the movant. TEX. FAM. CODE ANN. § 157.002(a)(3) (Vernon 1996). Because child support contempt proceedings are quasi-criminal in nature, the contemnor is entitled to procedural due process throughout the proceedings. *See Ex parte Woodyard*, 952 S.W.2d 104, 107 (Tex.App.—San Antonio 1997, orig. proceeding). A motion for contempt is comparable to a criminal indictment. *Ex parte Oliver*, 736 S.W.2d 277, 278 (Tex.App.—Fort Worth 1987, orig. proceeding). In a child support habeas corpus case, the burdens of proof are different depending on whether the movant is seeking punitive contempt relief or coercive contempt relief. *Compare* TEX. FAM. CODE ANN. § 105.005 (Vernon 1996) (requiring that, except as otherwise provided by Title 5, a trial court's findings in suit affecting the parent child relationship, i.e. non-payment of child support for coercive contempt purposes, shall be based on a *preponderance of the evidence* ) and *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex.1995) ("A criminal contempt conviction for disobedience to a court order requires *proof beyond a reasonable doubt* ....") (emphasis added).

The only notice that HCDRO's motion for enforcement gave Smith was that he faced the possibility of civil coercive contempt sanctions. HCDRO argues that Smith's stipulation, withdrawing his request for a jury in return for HCDRO's clarification that it was seeking a maximum of six months concurrently for each count, constituted a stipulation that Smith had sufficient notice of the criminal contempt punishment HCDRO sought. In a constructive contempt proceeding in which punishment by incarceration is sought by the movant, oral notification to the alleged contemnor of the nature of contempt charges, especially when delivered on the day of the contempt hearing, is deficient on its face. *See, e.g. Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex.1988) (held oral notification of nature of contempt charges to alleged contemnor was deficient on its face). The punishment assessed, 180 days without conditions for release, is criminal contempt punishment, not civil contempt coercion. By granting a form of relief not pled for, the court denied Smith's due process rights.

### Conclusion

Accordingly, we hold the court's contempt and commitment order is void. This holding makes it unnecessary to address Smith's issue one challenging a lack of findings in the contempt and commitment order. We direct the Clerk to issue a writ of habeas corpus directing the Sheriff of Harris County to release Smith from custody and obligation under his appearance bond.