**Opinion filed December 16, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00360-CV
_____

## IN RE JAIME MORENO

---

**Original Habeas Corpus Proceeding**

---

### O P I N I O N

This is an original habeas corpus proceeding. The trial court held Jaime Moreno in contempt for failing to comply with its order appointing Delfa Rodriguez temporary guardian of the person and estate of Josefina Moreno and ordered him held in jail for fifteen days. Jaime filed a petition for writ of habeas corpus with this court. We set a bond and have now considered his petition. Because the trial court found Jaime in contempt without providing due process, we grant the writ.

### I. *Background Facts*

Delfa Rodriguez, Josefina's daughter, filed an application for the appointment of a temporary guardian of the person and estate of Josefina. The trial court held an evidentiary hearing on November 23 and appointed Delfa temporary guardian. Josefina had been living with her sons, Jaime and Juan Moreno. The trial court orally instructed the parties to accomplish the change of residence that day and suggested that it be done by 6:00 p.m. The trial court then instructed Jaime and Juan:

> That means, Brothers, that I don't want any objections. I don't want any fights. I don't want any loud language. I don't want any threats. I don't want the police to have to come.

Ms. or Mrs. Delfa Rodriguez will go to your home and pick up the mother and the items that she needs with regard to medicines and necessities and transport them to her home where she will be kept.

The trial court signed a written order that same day. Delfa was named temporary guardian beginning at 6:00 p.m. on November 23. Our record indicates that Delfa was unable to pick Josefina up but not why. The trial court held a second hearing on November 30. The court did not allow any testimony but reminded Jaime of its order requiring the exchange of custody and expressed its displeasure with him for not complying with this order. The trial court then sentenced Jaime to fifteen days confinement.

## II. *Issues*

Jaime challenges his confinement with a single issue, contending that the trial court abused its discretion by sentencing him to fifteen days confinement because it did so without providing him notice and an evidentiary hearing.

## III. *Discussion*

Contempt of court is disobedience to or disrespect of a court by an action in opposition to its authority. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995). Actions constituting contempt of court can be divided into two categories: direct and constructive. Direct contempt involves disobedience or disrespect that occurs within the presence of the court. Constructive contempt occurs outside the court's presence. *Id.* The distinction between direct and constructive contempt is important because it determines the procedural protections that must be afforded. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 449 (Tex. App.—Fort Worth 2000, orig. proceeding).

Jaime faced constructive contempt charges. He was, therefore, entitled to full and complete notification of the subject matter and the when, how, and by what means he was guilty of the alleged contempt. *Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex. 1969); *see also Ex parte Brister*, 801 S.W.2d 833, 835 (Tex. 1990) (Cook, J., concurring) (amongst the due process rights accorded an alleged contemnor is the right to reasonable notice of each alleged contumacious act). Jaime's right to notice flows from his rights to due process. *Ex parte Jackman*, 663 S.W.2d 520, 523 (Tex. App.—Dallas 1983, orig. proceeding).

2

The question is not the clarity of the court's underlying order or Jaime's obligation. The trial court's written order named Delfa temporary guardian effective as of 6:00 p.m. the day of the hearing. And the court unambiguously instructed the parties that it wanted the change in custody to occur without incident. The question is whether the court provided sufficient notice before finding Jaime in contempt and sentencing him to jail.

The notice must conform to any relevant procedural requirements and be actually delivered to the alleged contemnor in a timely fashion. *In re Acceptance Ins.*, 33 S.W.3d at 449. Notice given to the attorney is inadequate; the notice must be served personally on the contemnor. *Ex parte Herring*, 438 S.W.2d 801, 803 (Tex. 1969). The notice must ordinarily be in writing. *See Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (notice should be by show cause order or other equivalent legal process personally served on the alleged contemnor). Notice must also be given a reasonable time before the hearing. *Hayes v. Hayes*, 920 S.W.2d 344, 346-47 (Tex. App.—Texarkana 1996, writ denied).

The trial court did not provide Jaime with written notice that it intended to consider whether he should be held in contempt for violating the November 23 order. Jaime's issue is, therefore, sustained. Because the trial court has the authority to reconsider this matter, we find it appropriate to discuss the other due process issues that could arise.

Contempt punishment can be divided into criminal and civil. Civil contempt is coercive, and the contemnor may obtain his release by complying with the court's order. *In re Houston*, 92 S.W.3d 870, 876 n.2 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding). In criminal contempt proceedings, the court punishes the contemnor for improper actions and no subsequent voluntary compliance can avoid punishment for past acts. *Ex parte Busby*, 921 S.W.2d 389, 391 (Tex. App.—Austin 1996, orig. proceeding). Jaime had no opportunity to purge himself of his contempt. Consequently, he faced criminal contempt.

Criminal contempt proceedings require additional due process protections. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (criminal penalties may not be imposed on someone who has not been afforded the protections that the constitution requires of such criminal proceedings). The required constitutional protections depend on whether the criminal contempt is "serious" or not. Serious criminal contempt involves imprisonment for more than six months. *See Taylor v. Hayes*, 418 U.S. 488, 495 (1974) (party

facing serious criminal contempt charges has a right to a jury trial).  However, even for non-serious criminal contempt proceedings, courts have held that parties are entitled to advance notice of their potential punishment.  *See In re Smith*, 981 S.W.2d 909, 911 (Tex. App.—Houston [1st Dist.] 1998, no pet.).  If the trial court reconsiders this matter, Jaime is entitled to be personally served with not only notice of his alleged contempt of court but also of his potential punishment.

Finally, because due process requires not only notice, but an opportunity to be heard, Jaime is also entitled to present a defense to the alleged contempt.  *Ex parte Jackman*, 663 S.W.2d at 523 (due process requires notice and an opportunity to defend).

IV.  <em>Conclusion</em>

The petition for writ of habeas corpus is granted.  We order Jaime Moreno discharged and his bond released.


RICK STRANGE

JUSTICE


December 16, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.