

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00344-CV

_____

JESSICA CHANDLER AND SCULPT POD, INC., Appellants

V.

KMCC ENTERPRISES, LLC; KENNETH WALL; AND MARIA WALL,
Appellees

---

On Appeal from the 462nd District Court
Denton County, Texas
Trial Court No. 17-10144-393

---

Before Bassel and Womack, JJ.[1]
Memorandum Opinion by Justice Bassel

---

[1]Justice Walker was a member of the panel and was present for argument; however, he did not participate in this decision. The two remaining justices, agreeing on a judgment, decided the appeal. *See* Tex. R. App. P. 41.1(a).

# MEMORANDUM OPINION

Appellants Jessica Chandler and Sculpt Pod, Inc. appeal from the trial court's default judgment against them after the trial court struck their pleadings as a death-penalty, discovery sanction. Because there was no evidence that Chandler and Sculpt Pod were personally aware of or carried some responsibility for the sanctionable conduct, the trial court abused its discretion by imposing death-penalty sanctions. As a result, we reverse the trial court and remand the case for further proceedings.

## I. BACKGROUND

### A. FACTS LEADING TO LAWSUIT

Because this case arises from death-penalty sanctions, we rely on the facts as alleged by appellees KMCC Enterprises, LLC, Kenneth Wall, and Maria Wall and on evidence proffered regarding their sanctions motions to provide a factual background for their claims against Chandler and Sculpt Pod. This is the approach used by Chandler and Sculpt Pod in their appellate brief; however, they note that they denied these facts in the trial court before their pleadings were struck.

Chandler owned a nonsurgical body-sculpting business, The Sculpting Shoppe. She incorporated Savvy Chic Management, Inc. to franchise her business. In late 2016, the Walls talked with Chandler about possibly purchasing franchises. On January 11, 2017, the Walls signed a franchise agreement with Savvy Chic to purchase a Sculpting Shoppe franchise to be located in Hollywood, Florida. Chandler signed as the franchisor and as "Chief Executive Officer" of Savvy Chic; the Walls signed as the

2

franchisee. On February 16, 2017, these same parties signed an agreement for a franchise to be located in Palm Beach Gardens, Florida.[2]

The Walls quickly became dissatisfied with the revenue realized by both locations, believing that Chandler had told them their revenue would be much higher. On November 29, 2017, the Walls and the entity they had formed to operate the franchises, KMCC, filed suit against Savvy Chic and Chandler, "in her individual capacity and/or in her capacity as owner, founder, and chief executive officer" of Savvy Chic. Chandler and Savvy Chic timely answered the petition. On February 9, 2018, the Walls and KMCC amended their petition to add Sculpt Pod, Inc. as a defendant. They alleged that Sculpt Pod's president was Chandler and that Sculpt Pod was "a new venture recently formed by Chandler." They raised claims for deceptive trade practices, breach of contract, fraud, negligent misrepresentation, and conspiracy. They further sought a declaratory judgment and rescission of the franchise agreements.

On May 16, 2018, the Walls and KMCC served discovery requests on counsel for Chandler and Savvy Chic (Attorney One). One month later, Attorney One withdrew and a newly retained attorney was substituted (Attorney Two). Attorney Two then filed an answer to the amended petition on behalf of Sculpt Pod.

---

[2]Chandler and Sculpt Pod point out that the Palm Beach franchise agreement that is in the clerk's record is not signed by the Walls, only by Chandler. However, Chandler and Sculpt Pod expressly state in their brief the Walls did, in fact, sign the agreement. *See* Tex. R. App. P. 38.1(g).

In May and June 2018, the Walls closed both Sculpting Shoppe franchises.

## B. DISCOVERY DISPUTE

### 1. First Motion to Compel and Bankruptcy Proceedings

On July 9, 2018, Attorney Two answered the amended petition on Sculpt Pod's behalf. The next day, the Walls and KMCC (collectively, the Wall Parties) filed a motion to compel Chandler, Savvy Chic, and Sculpt Pod to respond to its written discovery, which had been served on Attorney One on May 16, 2018, and had been due no later than July 8, 2018. The Wall Parties argued that Chandler, Savvy Chic, and Sculpt Pod had engaged in "a pattern of dilatory conduct" and pointed out that Chandler, Savvy Chic, and Sculpt Pod were "engaged in at least five other lawsuits involving similar allegations" and were not producing discovery in those cases as well. The trial court set the motion for an August 31, 2018 hearing. This hearing was later canceled based on a "Scheduling Conflict." The hearing was reset for December 14, 2018, but was again rescheduled for January 25, 2019, at 11:00 a.m.

Ninety minutes before the January hearing, Savvy Chic filed for bankruptcy. There is no reporter's record from the January hearing, but the Wall Parties assert that Chandler, Savvy Chic, Sculpt Pod, and Attorney Two did not appear. In any event, the trial court granted the motion and compelled the discovery responses no later than February 24, 2019. Further, the trial court recognized that the Wall Parties' requests for admission were deemed admitted and barred "Defendants"—Chandler, Savvy Chic, and Sculpt Pod—from offering evidence contrary to the deemed

4

admissions. *See* Tex. R. Civ. P. 198.2(c), 198.3. The "Defendants" were ordered to pay $500 as a sanction to the Wall Parties' attorney. Although the Wall Parties' attorney sent Attorney Two a copy of the order, Attorney Two did not serve any discovery responses.

The bankruptcy stay was partially lifted on April 17, 2019, allowing the Wall Parties to "Pursue Claims Against Non-Debtors in State Court" and allowing them to seek to sever their claims against Savvy Chic from those against Chandler and Sculpt Pod. On May 6, 2019, Savvy Chic removed the Wall Parties' petition to the bankruptcy court. In the bankruptcy court, the Wall Parties stated that they were "willing to dismiss [their] claim(s)" against Savvy Chic. Accordingly, on June 26, 2019, the bankruptcy court dismissed the Wall Parties' claims against Savvy Chic and remanded the case as to Chandler and Sculpt Pod back to the state trial court.

On June 3, 2019, Attorney Two informed the Wall Parties' attorney that he believed the trial court's January 2019 order was void "because there was an automatic stay in place at the time the motion was heard and the order signed." Attorney Two explained that "was the reason we did not appear" at the January hearing.

### 2. First Motion for Sanctions and Alternative Second Motion to Compel

On July 30, 2019, the Wall Parties filed a motion for sanctions and an alternative second motion to compel. They asked that the trial court sanction Chandler and Sculpt Pod by disallowing "them from opposing [the Wall Parties'] claims, supporting any defense or challenge to [their] claims, and from introducing

5

any evidence relating to the subject matter of [their] written discovery." The trial court held a hearing on August 21, 2019, but Chandler, Sculpt Pod, and Attorney Two again did not appear. Attorney Two later explained that although he and the Wall Parties' attorney had agreed to the date, he had not been given notice that the hearing was actually set for that date. The trial court granted the motion and ordered Chandler and Sculpt Pod to pay the Wall Parties' attorney $1,000 as a monetary sanction. Further, the trial court ordered Chandler and Sculpt Pod to respond to the Wall Parties' discovery requests no later than September 20, 2019, again recognized that the requests for admission were deemed admitted, and barred any evidence contrary to the admissions.[3] Even though he was served with a copy of the order, Attorney Two did not serve any discovery responses.

### 3. Second Motion for Sanctions

On November 8, 2019, the Wall Parties filed a second motion to sanction Chandler and Sculpt Pod based on their "continued, unrelenting disobedience of their obligations and the [trial court's] repeated previous orders."[4] The Wall Parties asked that Chandler and Sculpt Pod be barred from serving any discovery on the Wall Parties or opposing the Wall Parties' claims and that Chandler's and Sculpt Pod's

---

[3]This order included Savvy Chic in the style; but as we explained before, the bankruptcy court had dismissed the Wall Parties' claims against Savvy Chic.

[4]The motion included Savvy Chic in the style as a defendant.

pleadings be struck and a default judgment entered against them. The trial court set the motion for a November 25, 2019 hearing.

At the hearing, Attorney Two explained that because of Savvy Chic's bankruptcy filing, its bankruptcy counsel had informed him that the stay precluded the trial court's January 2019 hearing and order granting the first motion to compel. He further asserted that any discovery involving Savvy Chic, some of which was specifically compelled in the trial court's orders, could not be compelled because the claims against Savvy Chic had been dismissed and because his "client" did not have access to Savvy Chic documents because "she no longer has control of that company." The Wall Parties' attorney conceded at oral argument in this court that Chandler was not present at this hearing, which the record does not contradict. The trial court granted the motion on November 27, 2019, and ordered Chandler and Sculpt Pod to respond to the discovery requests no later than December 7, 2019.[5] The trial court found that Chandler and Sculpt Pod "have repeatedly and consistently abused the discovery process" and, therefore, disallowed any discovery by Chandler and Sculpt Pod, barred them from supporting their defenses or opposing the Wall

---

[5]Savvy Chic was again included as a defendant in the style of the order and, at least apparently, was included in the trial court's references to "Defendants." But based on the bankruptcy court's dismissal, we presume that "Defendants" could only mean Chandler and Sculpt Pod. Additionally, the trial court entitled the order as addressing the Wall Parties' "3RD" motion for sanctions. Although the motion at issue was the Wall Parties' third motion seeking relief from Chandler and Sculpt Pod's failure to respond to discovery, it was only their second motion for sanctions.

Parties' claims, and charged $3,000 in discovery expenses against Chandler and Sculpt Pod.

### 4. First Motion for Contempt and Third Motion for Sanctions

On February 27, 2020, the Wall Parties filed a motion seeking to hold Chandler and Sculpt Pod in contempt and to impose a final death-penalty sanction: striking their pleadings and entering a default judgment against them. In the motion, the Wall Parties stated that Chandler, Savvy Chic, and Sculpt Pod had been sued in other Texas courts and that they had engaged in dilatory discovery tactics in those cases as well.

On March 5, 2020, the trial court issued a show-cause order based on the Wall Parties' motion for contempt and ordered "Defendants"[6] to appear and explain why they should not be held in contempt for violating the court's prior discovery-sanction orders and not be "subject to sanctions," including entering a default judgment in favor of the Wall Parties. The record does not reflect that Chandler was personally served with the show-cause order. The initial April 21, 2020 hearing was canceled due to a "Scheduling Conflict."

The trial court heard the motion on June 4, 2020.[7] The Wall Parties' attorney represented at oral argument in this court that Chandler did not personally attend this hearing, and the record seems to support this concession. At the hearing, Attorney

---

[6]Savvy Chic was included in the style of the order as a defendant, but the substance of the order included only Chandler and Sculpt Pod as "Defendants."

[7]This hearing date was agreed to by both attorneys.

8

Two again pointed to the Savvy Chic bankruptcy filing to explain why no discovery was produced before that issue was resolved and he also explained that after the November 27, 2019 order, he tried to get direction from the Wall Parties' attorney, particularly about the fact that the discovery was also requested from Savvy Chic, a nonparty. Attorney Two asserted that the Wall Parties' attorney had merely stated that the trial court had compelled all requested discovery. The trial court did not rule on the motion at the hearing.

On June 12, 2020, the Wall Parties filed a supplemental petition in which they named only Chandler and Sculpt Pod as defendants. The style of the supplemental petition named Chandler only individually but described her in the parties section as being sued "in her individual capacity and/or in her capacity as owner, founder, and chief executive officer" of Savvy Chic. That same day, Chandler and Sculpt Pod filed a letter brief in opposition to the Wall Parties' February 27, 2020 first motion for contempt and third motion for sanctions.[8] On June 19, 2020, the trial court signed an order granting the Wall Parties' first motion for contempt and third motion for sanctions. In its order, the trial court found that "Defendants"[9] had continued to

---

[8]This response is not included in the clerk's record but is noted on the trial court's "CASE SUMMARY," showing "EVENTS AND ORDERS OF THE COURT."

[9]The order does not specify who is included as a defendant, and Savvy Chic, Chandler, and Sculpt Pod are listed as defendants in the style of the order. However, the text of the order and the fact that the Wall Parties' supplemental petition did not name Savvy Chic as a defendant indicate that the order addressed only Chandler and Sculpt Pod.

9

refuse to answer discovery for two years and had refused to comply with three previous discovery orders, which substantially prejudiced the Wall Parties' ability to prosecute their claims. The trial court concluded that there was a "direct nexus" between (1) the discovery conduct; (2) Chandler, Sculpt Pod, and "their counsel"; and (3) the sanction. The trial court struck Chandler's and Sculpt Pod's pleadings and granted the Wall Parties a default judgment as to liability. The trial court also ordered Chandler and Sculpt Pod to reimburse the Wall Parties $3,000 for their discovery expenses and costs.

### C. FINAL JUDGMENT AND POST-JUDGMENT PROCEEDINGS

Five days later, the trial court held a bench trial regarding the Wall Parties' damages. The Walls and their trial attorney testified to the Wall Parties' damages and attorney's fees. Attorney Two introduced evidence showing that on July 28, 2017, and February 28, 2020, KMCC had forfeited its charter under the Texas Tax Code, which would preclude a judgment in its favor. On July 31, 2020, the trial court entered a final judgment against Chandler and Sculpt Pod and awarded the Wall Parties $218,245.80 in actual damages and attorney's fees.

Chandler and Sculpt Pod timely requested findings of fact and conclusions of law on August 19, 2020. *See* Tex. R. Civ. P. 296. They also filed a motion to reform the judgment, arguing that the judgment could not be in favor of KMCC because it was a forfeited entity and that any judgment against Sculpt Pod could not stand because it was not in existence when the franchise agreements were signed. On

10

September 18, 2020, Chandler and Sculpt Pod filed a timely notice of past due findings and conclusions. *See* Tex. R. Civ. P. 297. They filed their notice of appeal on October 29, 2020.[10] On November 4, 2020, the trial court signed findings and conclusions, which the Wall Parties had prepared and served on Attorney Two on September 4, 2020.

## II. DEATH-PENALTY SANCTION

### A. APPLICABLE LAW

We review a trial court's imposition of sanctions for discovery abuse for an abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). Rule 215.2 allows a trial court to sanction a party for failure to comply with a discovery request or order and delineates a permissive, nonexclusive list of sanction options:

• disallowing any further discovery by the noncompliant party;

• charging discovery expenses and costs against the noncompliant party or her attorney;

• allowing designated facts to be established for the purposes of the action;

• refusing to allow the noncompliant party to support her defenses, to oppose the claims against her, or to introduce evidence on certain matters;

• striking part of or all of the noncompliant party's pleadings, staying further proceedings until compliance, dismissing the action in whole or in part, or rendering a default judgment; or

---

[10]After Attorney Two filed the notice of appeal and a docketing statement as lead counsel, appellate counsel appeared on behalf of Chandler and Sculpt Pod. *See* Tex. R. App. P. 6.2.

11

• treating the discovery failure as contempt of court.

Tex. R. Civ. P. 215.2(b)(1)–(6). Finally, the trial court must, alone or in tandem with any of the above options, require the noncompliant party, that party's attorney, or both to pay any attorney's fees and expenses caused by the failure unless the noncompliance was substantially justified or other circumstances would make such an award unjust. Tex. R. Civ. P. 215.2(b)(8).

To determine a just sanction, the trial court first must find a direct relationship between the offensive conduct and the sanction imposed. *Cire*, 134 S.W.3d at 839. Thus, the sanction must be directed against the abuse and toward remedying the resulting prejudice. *TransAm. Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). "The point is, the sanctions the trial court imposes must relate directly to the abuse found." *Id.* Indeed, the Texas Supreme Court has held that any sanction "should be visited on the offender" and that the "trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both." *Id.* Personal responsibility is not an easy inquiry. *Id.* Even though a party must bear some responsibility for her attorney's discovery abuses when she should be aware of the conduct, a party cannot be punished for her attorney's conduct that implicates the party only in that the party entrusted her legal representation to her attorney. *Id.*

The second prong of the justness determination provides that the sanction cannot be excessive, requiring that the "punishment . . . fit the crime" by considering

12

the availability and efficacy of lesser sanctions. *Id.*; *see also Cire*, 134 S.W.3d at 839; *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993). In any event, case-determinative or death-penalty sanctions are reserved for "exceptional cases" where such a sanction is "clearly justified." *GTE*, 856 S.W.2d at 729–30.

In reviewing the trial court's discretion in imposing death-penalty sanctions, we consider: (1) the extent of the party's personal responsibility, (2) the prejudice to the opposing party caused by the failure to respond; (3) a history of dilatoriness, (4) whether the party's or the attorney's conduct was willful or in bad faith, (5) the effectiveness of alternative sanctions, and (6) the meritoriousness of a party's claim or defense. *See* 3 Roy W. McDonald & Elaine A. Grafton Carlson, *Texas Civil Practice* § 16:15 (2d ed. 2020). In other words, we must determine whether the sanctioned discovery conduct justified a presumption that the party's claims or defenses lacked merit. *TransAm.*, 811 S.W.2d at 918.

## B. SUFFICIENT ATTRIBUTION

On appeal, Chandler and Sculpt Pod do not argue that the trial court failed to consider progressive sanctions or that the failure to produce the requested discovery was not sanctionable. Instead, they argue that the death-penalty sanction was an abuse of discretion because "[t]here was no evidence before the court that [Chandler or Sculpt Pod] even knew their attorney had not provided the discovery answers to the Walls' attorney." In other words, they argue that there was no evidence of their

13

personal responsibility for the noncompliance, rendering the death-penalty sanction unjust and an abuse of discretion—the first prong of the justness determination.

Although the Wall Parties fail to directly address Chandler and Sculpt Pod's personal-responsibility argument, they do point to the trial court's findings and conclusions that concluded Attorney One, Attorney Two, Chandler, and Sculpt Pod were all responsible for the challenged discovery behavior: "There is a direct nexus among the offensive conduct (Defendants failing to answer discovery), the offender (Defendants and their counsel as both are responsible for responding to discovery), and the proposed sanction under Rule 215.2(b)(5) striking Defendants' pleadings." The trial court also included this statement in its order granting the Wall Parties' first motion for contempt and third motion for sanctions But no record evidence supports the conclusion that Chandler or Sculpt Pod had personal knowledge of or any role in Attorney Two's failures to timely respond to the Wall Parties' discovery requests, and the trial court did not attempt to determine Chandler and Sculpt Pod's involvement. *See Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 882–83 (Tex. 2003); *TransAm.*, 811 S.W.2d at 918; *Thompson v. Woodruff*, 232 S.W.3d 316, 321–22 (Tex. App.—Beaumont 2007, no pet.); *Perez v. Murff*, 972 S.W.2d 78, 82 (Tex. App.—Texarkana 1998, pet. denied). *See generally Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994) (holding trial court's findings and conclusions are reviewable for evidentiary sufficiency).

The Wall Parties rely on other cases filed against Chandler, Sculpt Pod, and Savvy Chic in Collin County to show that Chandler and Sculpt Pod had a pattern of dilatory conduct that bled into the Wall Parties' suit against them, justifying the death-penalty sanction.[11] *See, e.g., Ramirez v. Otis Elevator Co.*, 837 S.W.2d 405, 411 (Tex. App.—Dallas 1992, writ denied) (considering, among other factors, "a history of dilatoriness" in reviewing death-penalty sanction). In a case filed by Sara Especulta against Savvy Chic, Especulta filed a motion to compel responses to her requests for production on February 9, 2018. She asserted that although Savvy Chic had timely responded to the requests, "[s]everal requests were not answered fully and/or require supplementation." Especulta argued that although Savvy Chic's counsel—Attorney One—indicated that he would supplement Savvy Chic's responses, he did not specify what would be produced and "stated that some things were out of his control." There is no evidence of any ruling on the motion to compel. The second Collin County suit was filed by Tricia Lee against Savvy Chic, Chandler, and Sculpt Pod. The trial court entered two progressive sanction orders directed to Chandler's failure to respond to discovery. Chandler did not comply with the first order; in response to the second order, she served discovery responses on Lee but did not pay the monetary sanction. On November 21, 2019, the trial court entered a judgment of contempt against Chandler, noting that Chandler had been personally served with a

_____

[11]The Wall Parties had asserted that there were five Collin County cases; however, they apparently introduced evidence of only two.

15

copy of the trial court's earlier show-cause order. The trial court overruled Chandler's objections to Lee's discovery requests and ordered her to pay Lee's attorney's fees and the previously ordered sanction.

We cannot conclude that Savvy Chic's and Chandler's litigation conduct in the Especulta and Lee suits allows an inference that she was personally responsible for the delay here. In Especulta's suit, there is no indication that Savvy Chic or Attorney One failed to respond to discovery requests. The only evidence is that Especulta filed a motion to compel more complete responses from Savvy Chic, and no evidence shows that the motion to compel was granted. The Lee suit, however, is different. Chandler was not responding to Lee's discovery requests until after a second order compelled her compliance.[12] And because she did not pay the monetary sanction, the trial court held her in contempt. However, she was held in contempt only after receiving personal service of the show-cause order. Here, there is no evidence that Chandler, individually or in her capacity as Sculpt Pod's president, was personally served with the show cause order before the June 4, 2020 hearing on the Wall Parties' first motion for contempt and third motion for sanctions. And the contempt order does not recite that she was. The record reflects only that Chandler was given constructive notice through her attorney, which is insufficient. *See Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988) (orig. proceeding); *In re Moreno*, 328 S.W.3d 915, 918 (Tex. App.—

---

[12]Lee's motions were solely directed to Chandler and did not allege that Savvy Chic or Sculpt Pod had been noncompliant.

Eastland 2010, orig. proceeding) (citing *Ex parte Herring*, 438 S.W.2d 801, 803 (Tex. 1969) (orig. proceeding)).

Further, the evidence of the Collin County suits cuts both ways. Although it shows discovery disputes arose, it also shows that Chandler, Savvy Chic, and Sculpt Pod did produce discovery, which the Wall Parties' attorney conceded at the June 4, 2020 hearing. In other words, Chandler and Sculpt Pod could have assumed Attorney Two likewise was producing discovery in response to the Wall Parties' requests. *Cf. TransAm.*, 811 S.W.2d at 917 (holding party cannot be punished for attorney's conduct when evidence shows only that party entrusted her legal representation to attorney). The two Collin County cases do not show that Chandler and Sculpt Pod have a history of noncompliance such that we may ascribe personal knowledge of the failures in this case to them.

In sum, we conclude that the trial court abused its discretion by imposing death-penalty sanctions because the trial court did not attempt to determine who was responsible for the dilatory conduct; thus, the sanction did not relate directly to the abuse found and was not visited on the offender. *See id.* Attorney Two did not assert that his clients were involved, and no evidence shows that they were aware of the discovery dispute. In fact, Chandler produced discovery in two other cases filed against her, Savvy Chic, and Sculpt Pod in Collin County. And Chandler was not personally served with the order to show cause in this case. The discovery conduct in this case does not justify a presumption that Chandler and Sculpt Pod's defenses lack

17

merit, especially because no evidence shows that Chandler and Sculpt Pod were personally involved in or aware of the conduct. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 850 (Tex. 1992). Thus, the death-penalty sanctions were unjust. *See McAlister v. Grabs*, No. 11-17-00148-CV, 2019 WL 1428623, at *3–4 (Tex. App.—Eastland Mar. 29, 2019, no pet.) (mem. op.); *Gunn v. Fuqua*, 397 S.W.3d 358, 373–74 (Tex. App.—Dallas 2013, pet. denied). We sustain Chandler and Sculpt Pod's first issue.[13]

### III. CONCLUSION

Because no evidence shows that Chandler or Sculpt Pod was personally responsible for or complicit in the discovery delays and because the trial court failed to make an attempt to determine any personal responsibility, the death-penalty sanctions imposed were an abuse of discretion. A death-penalty sanction is "any sanction that adjudicates a claim and precludes the presentation of the case on the merits." *In re Bledsoe*, 41 S.W.3d 807, 812–13 (Tex. App.—Fort Worth 2001, orig. proceeding) (citing *Chrysler Corp.*, 841 S.W.2d at 845). Accordingly, we reverse those portions of the trial court's January 25, 2019, August 21, 2019, and November 27, 2019 orders that disallowed any discovery by Chandler and Sculpt Pod, waived all objections to the Wall Parties' discovery, and refused to allow Chandler and Sculpt

---

[13]We need not address their second, alternative issue arguing that the sanctions against Sculpt Pod were an abuse of discretion because Sculpt Pod did not exist when the Wall Parties' claims arose. *See* Tex. R. App. P. 47.1.

Pod to support their defenses or oppose the Wall Parties' claims against them.[14] We reverse the June 19, 2020 order and the July 31, 2020 damages judgment. In doing so, we do not condone the discovery delays in this case. The Wall Parties' attorney understandably was frustrated and properly sought relief from the trial court. However, there is no record evidence to establish that this is an extraordinary case where the party did more than simply entrust her legal representation to counsel. *See TransAm.*, 811 S.W.2d at 917. Thus, the death-penalty sanctions and damages judgment must be reversed and the case remanded to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d), 43.3.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: October 14, 2021

---

[14]We do not reverse the monetary sanctions or the discovery-expense and costs charges in these three orders. And we do not reverse the deemed admissions because they would have been deemed admitted even in the absence of a court order. *See* Tex. R. Civ. P. 198.2(c).

19