COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
| IN RE: | § | |
| | § | No. 08-15-00126-CV |
| WAL-MART STORES, INC., | | |
| WAL-MART STORES TEXAS, L.P., | § | AN ORIGINAL PROCEEDING |
| WAL-MART ASSOCIATES, INC., AND | | |
| WAL-MART STORES TEXAS, LLC, | § | IN MANDAMUS |
| | § | |
| Relator. | § | |
| | § | |

## O P I N I O N

Wal-Mart Stores, Inc., Wal-Mart Stores Texas, L.P., Wal-Mart Associates, Inc., and Wal-Mart Stores Texas, LLC, Relators (collectively referred to as Wal-Mart or the Wal-Mart Defendants), has filed a petition for writ of mandamus against the Honorable Luis Aguilar, Judge of the 243rd District Court of El Paso County, Texas, to challenge discovery and contempt orders entered by Respondent. We conditionally grant mandamus relief.

### FACTUAL AND PROCEDURAL SUMMARY

Blanca Calderon filed suit against Wal-Mart alleging she was fired due to her age or because she filed a worker's compensation claim. On January 15, 2015, Calderon served Relators with eighteen interrogatories and seventy-four requests for production. Wal-Mart timely served written objections and responses to the interrogatories and requests for production. In its response, Wal-Mart stated it would produce additional relevant information and documents

on the condition that a protective order is provided to protect confidential information. Wal-Mart sent a proposed protective order to Calderon but received no response. Wal-Mart filed a motion for protective order on February 25, 2015. Calderon responded by filing a motion to compel responses to all eighteen of the interrogatories, and to sixty-eight of the seventy-four requests for production.[1]

The trial court conducted a hearing on Calderon's motion to compel and Wal-Mart's motion for a protective order on March 12, 2015. At the hearing, Wal-Mart did not bring to the trial court's attention any of its objections to the discovery requests except for Interrogatory 15. Wal-Mart represented to the trial court that it had complied with all of the discovery requests except for certain electronically-stored information and the information which required a protective order. The court granted the motion to compel, ordered Wal-Mart to fully respond to the discovery requests by 8:00 a.m. on March 20, 2015, and denied Wal-Mart's motion for a protective order. Wal-Mart sought an extension of time to comply with the March 12 order and its motion was set for hearing on April 9, 2015 which was well after the March 20 deadline. On March 23, 2015, Calderon sent the trial court a letter which stated:

> On March 12, 2015, the Court held a hearing on Plaintiff's Motion to Compel Answers to Interrogatories and Requests for Production, at which time the Court ordered Defendants to properly respond to Plaintiff's discovery requests on or before Friday, March 20, 2015 at 8:00 a.m.
>
> This is to inform the Court that Defendants have failed to properly comply with the Court's Order. I would respectfully ask the Court to set this matter for hearing for further consideration.

That same day, the trial court sent an order setting two hearings for March 25, 2015: (1) a hearing on Calderon's motion to compel and (2) a show cause hearing for Wal-Mart's attorneys, Melissa J. Judd and Payal K. Garehgrat. The trial court set the show cause hearing without any

---

[1] Calderon's motion did not address Requests for Production 14, 15, 25, 27, 29, or 38.

motion for contempt from Calderon.  Following the March 25 hearing, the trial court entered an order finding the Wal-Mart defendants "guilty of contempt" and determining "that each day of Defendants' refusal to comply with this Court's order was an additional act of contempt."  The order assessed a fine of $500 per day for the preceding six days of non-compliance for a total of $3,000.  The court also sanctioned Wal-Mart for its "abuse of the discovery process in failing to fully respond to written discovery" and it awarded Calderon reasonable and necessary attorney's fees in the amount of $4,200.  Wal-Mart paid the contempt fine and attorney's fees within 48 hours after the March 25 hearing as ordered.  On April 2, 2015, the trial court entered another order sanctioning Wal-Mart for abuse of the discovery process and awarded additional attorney's fees in the amount of $2,450.  The order also fined Wal-Mart $500 per day for each day of non-compliance, which amounted to an additional $3,000.  The April 2 order also required Wal-Mart to pay these sums within two days.  On this same date, the trial court entered an order appointing a special master to resolve discovery issues in the case.

On April 9, 2015, Respondent conducted a hearing on Calderon's motion to compel and Wal-Mart's emergency motion.  The court denied Wal-Mart's motion and assessed attorney's fees against Wal-Mart in the amount of $4,900 as a sanction.  Additionally, the court found the Wal-Mart defendants guilty of contempt and fined them another $3,000 ($500 per day from April 3).

Wal-Mart filed a mandamus petition and motion for emergency relief.  After giving Calderon an opportunity to file a response, we entered an order staying the contempt orders and the order appointing the special master pending our review of the mandamus petition.

**MANDAMUS STANDARD OF REVIEW**

To be entitled to mandamus relief, a relator must meet two requirements.  First, the

relator must show that the trial court clearly abused its discretion. *In re Prudential Insurance Company of America*, 148 S.W.3d 124, 135 (Tex. 2004). Second, the relator must demonstrate that there is no adequate remedy by appeal. *Id*. at 135-36.

## THE CONTEMPT ORDERS

In Issue One, Wal-Mart contends that the contempt orders are void because it did not have adequate notice. It also alleges that the contempt orders fail to make sufficient findings to support the judgment that Wal-Mart willfully failed to comply with the order. We begin by addressing the notice issue.

Respondent entered three separate orders holding Wal-Mart in contempt for its failure to comply with the discovery order entered on March 12 and assessing fines as the punishment. Mandamus is available to challenge an order of contempt not involving confinement. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011). The burden is on Wal-Mart to show that each contempt order is void. *In re Aslam*, 348 S.W.3d 299, 302 (Tex.App.--Fort Worth 2011, orig. proceeding). Wal-Mart asserts that the contempt orders are void because: (1) Respondent provided no notice of the allegedly contumacious conduct; (2) the notice that was provided (the order setting the show cause hearing) was not personally served on Wal-Mart; and (3) the notice of the show cause hearing was directed at Wal-Mart's attorneys, not the four Wal-Mart defendants.

The conduct at issue in this case is Wal-Mart's alleged failure to comply with the discovery order. Because this conduct did not occur in the presence of the trial court, this case involves constructive contempt. *In re Reece*, 341 S.W.3d at 365 (contempt which occurs outside of the court's presence is referred to as constructive contempt). Constructive contemnors are afforded certain procedural safeguards, including notice, a hearing to defend or explain the

charges, and the opportunity to obtain an attorney. *Id.*

There is one additional classification we must consider in evaluating the contempt orders at issue--whether this case involves civil or criminal contempt. *See In re Reece*, 341 S.W.3d at 365 (observing that contempt is classified as civil or criminal contempt). Civil contempt is remedial and coercive in nature--the confinement is conditioned on obedience with the court's order. *Id.* Thus, civil contempt is the process by which a court exerts its judicial authority to compel obedience to some order of the court. *In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105 at *6 (Tex.App.--El Paso May 30, 2014, orig. proceeding); *In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765 (Tex.App.--Austin May 16, 2013, orig. proceeding), *citing Ex parte Padron*, 565 S.W.2d 921, 924 (Tex. 1978). It is often said of civil contempt that the contemnor "carries the keys of his prison in his own pocket" because imprisonment is conditional on obedience with the court's order. *See Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976), *quoting Shillitani v. United States*, 384 U.S. 364, 368, 86 S.Ct. 1531, 1534, 16 L.Ed.2d 622 (1966).

Criminal contempt is punitive in nature. The sentence is not conditioned upon some promise of future performance; rather, "the contemnor is being punished for some completed act which affronted the dignity and authority of the court." *In re Reece*, 341 S.W.3d at 365. Respondent found Wal-Mart guilty of contempt and assessed thousands of dollars of fines as punishment for disobedience of the court's order. Calderon asserts that it is "unclear" whether the case involves civil or criminal contempt because the trial court might have intended for the penalty to coerce Wal-Mart to comply with the discovery order. Respondent's subjective intent is irrelevant as the proper focus is on the language in the contempt orders and how those orders

operate.[2]  The contempt orders are not conditioned upon a promise of future performance because the court required Wal-Mart to pay the fines the trial court had assessed within 48 hours. If the orders had provided that Wal-Mart would not be required to pay the fines if it complied with the discovery order by a date certain, then it would be civil contempt.  We find that this case involves criminal contempt.

The distinction between civil and criminal contempt is significant because the notice requirement in a case involving criminal contempt is substantially heightened.  The Eighth Court of Appeals set forth the due process notice requirements in the *In re Warrick* trio of opinions[3] issued several months before Respondent issued the contempt orders at issue in this case:

> Notice in the due process context of criminal contempt proceedings requires two types of notice:  timely notice by personal service of the show cause hearing, and full and unambiguous notice of the contempt accusations.  *Gonzalez v. State*, 187 S.W.3d 166, 170 (Tex.App.--Waco 2006, no pet.), *citing Ex parte Adell*, 769 S.W.2d 521, 522 (Tex. 1989), *Ex parte Vetterick*, 744 S.W.2d 598, 599 (Tex. 1988); *In re Rowe*, 113 S.W.3d 749, 752 (Tex.App.--Austin 2003, orig. proceeding.).  Notice of the contempt allegations or accusations must state when, how, and by what means the person has been guilty of contempt and must be personally served on the alleged contemnor in a motion for contempt filed by an opposing party, a show cause order issued by the court, or equivalent legal process.  *See Ex parte Chambers*, 898 S.W.2d at 262; *Ex parte Vetterick*, 744 S.W.2d at 599.  Notice must be in writing and personally served on the contemnor; notice given to the attorney is inadequate.  *In re Moreno*, 328 S.W.3d 915, 918 (Tex.App.--Eastland 2010, orig. proceeding), *citing Ex parte Herring*, 438 S.W.2d 801, 803 (Tex. 1969); *Ex parte Vetterick*, 744 S.W.2d at 599 (notice should be by show cause order or other equivalent legal process personally served on the alleged contemnor); *In re Acceptance Insurance Company*, 33 S.W.3d 443, 449 (Tex.App.--Fort Worth 2000, orig. proceeding).  Notice must also be given a reasonable time before the hearing.  *Hayes v. Hayes*, 920 S.W.2d 344, 346-47 (Tex.App.--Texarkana 1996, writ denied).

The "notice" issued by Respondent completely failed to satisfy any of these requirements.  In

---

[2] A reading the reporter's record from the hearings indicates that Respondent's subjective intent was to punish Wal-Mart and its attorneys.  Respondent even went so far as to ask one of Wal-Mart's attorneys, "Do you want me to do something ugly to you?"

[3] *In re Warrick*, No. 08-13-00255-CR, 2014 WL 2466105 (Tex.App.--El Paso May 30, 2014, orig. proceeding); *In re Blancas*, No 08-13-00256-CR, 2014 WL 2466108 (Tex.App.--El Paso May 30, 2014, orig. proceeding); *In re Darnold*, No. 08-13-00257-CR,  2014 WL 2466113 (Tex.App.--El Paso May 30, 2014, orig. proceeding).

fact, Respondent did not issue any notice whatsoever to the four Wal-Mart defendants.

Calderon side-steps this issue by urging that Wal-Mart waived any procedural defects because it failed to object on these grounds in the trial court. More specifically, Calderon argues that "special exceptions are required to preserve a complaint of inadequate notice in a contempt motion." She cites *Ex parte Occhipenti*, 796 S.W.2d 805, 810 (Tex.App.--Houston [1st Dist.] 1990, orig. proceeding) in support of this argument. In *Occhipenti*, the real party in interest filed a motion for contempt which specified how the relator violated the child support order. *Id.*, 796 S.W.2d at 806. The court of appeals held that if the relator wanted "further notice" of the allegations, he was required to file special exceptions to the contempt motion. *Id.* at 810. In the instant case, Calderon never filed a motion for contempt. Consequently, there is nothing to which Wal-Mart could have specially excepted. The rule stated in *Occhipenti* is inapplicable.

Calderon additionally argues that Wal-Mart had constructive notice because it was able to attend the hearing through counsel and defend against the allegations. A contempt order rendered without adequate notification is void. *Ex parte Adell*, 769 S.W.2d at 522; *Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987). It is well established that constructive notice of the contempt hearing or contempt allegations is constitutionally inadequate. *See Gonzalez*, 187 S.W.3d at 170-71 (refusing to adopt a rule that constructive notice of a contempt hearing or of contempt charges can be appropriate). Because the contempt orders were rendered without adequate notice to the four Wal-Mart defendants, the contempt orders are void and subject to mandamus correction. Issue One is sustained.

### THE MARCH 12 DISCOVERY ORDER

In Issue Two, Wal-Mart challenges the March 12 discovery order entered by the trial court. It contends that the trial court abused its discretion "by requiring Walmart to respond

within seven days to discovery requests, unlimited in time or geographic scope . . . ."[4] This issue presents an argument that the discovery requests are overbroad, but it can also be interpreted as asserting that Wal-Mart had insufficient time to comply with the March 12 discovery order. Wal-Mart has not, however, included any argument or authorities in its petition to support the latter contention. *See* TEX.R.APP.P. 52.3(h)(requiring the petition to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record). Given the absence of any supporting argument in the petition, we do not construe Issue Two as including a complaint that the trial court abused its discretion by giving Wal-Mart only seven days to respond to the discovery requests. Our review will be restricted to determining whether the discovery order required Wal-Mart to respond to overbroad discovery requests.

Generally, the scope of discovery is within the trial court's discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003); *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995). The trial court must, however, make an effort to impose reasonable discovery limits. *In re CSX*, 124 S.W.3d at 152; *In re American Optical*, 988 S.W.2d 711, 713 (Tex. 1998). The trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. *In re CSX*, 124 S.W.3d at 152; *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995). Mandamus is available to correct an overbroad discovery order. *See In re CSX Corp.*, 124 S.W.3d at 153.

In this issue, Wal-Mart alleges generally that the March 12 discovery order is overbroad,

---

[4] Issue Two states: "Whether the trial court abused its discretion by requiring Walmart to respond within seven days to discovery requests, unlimited in time or geographic scope, regarding employment records, workers' compensation files, and settled cases, although plaintiff was employed in just one store and was subject to the decision-making of managers employed in that store? More specifically, whether the trial court abused its discretion by granting in every respect Calderon's Motion to Compel on March 12, 2015, and ordering Relators to fully respond to each and every one of Calderon's 18 Interrogatories and 68 of the 74 Requests for Production in seven days?"

- 8 -

but the argument presented in the petition is restricted to only three of the discovery requests, Interrogatory 14 and Requests for Production 21 and 52. Interrogatory 14 asks Wal-Mart to:

> State the name, address and phone number of all Defendant's employees that have been terminated who at the time of their termination or within five (5) years of the termination date had filed, settled or had pending a claim for worker's compensation, including the date and reason for termination in El Paso County, Texas.

Wal-Mart objected to Interrogatory 14 on the ground it is "overly broad in time and scope and unduly burdensome." In its petition, Wal-Mart argues that this discovery request is overbroad because it covers a thirty-five year period of time.

> Request for Production 21 states:
>
> For each claim filed against you where it was alleged that a person was discriminated against, retaliated against or wrongfully terminated for a period of five years prior to Plaintiff's termination to the present, produce:
>
> a. Copies of all charges of discrimination and investigative files.
> b. Copies of all pleadings, judgments and settlements thereon.
> c. Any documents which reflect the name and address of the Plaintiff.
> d. Any documents which reflect the date of the lawsuits.
> e. Any documents which reflect the style and location of the lawsuit.
> f. Any documents which reflect the name and address of Plaintiff's attorney.
> g. Any documents which reflect the nature of Plaintiff's damages.

Wal-Mart objected to RFP 21 on multiple grounds, including that it is "overly broad in time and scope," "unduly burdensome," and "it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." In its petition, Wal-Mart argues that this request is overbroad and seeks irrelevant information because it seeks information related to all types of discrimination, not just the age discrimination claim alleged by Calderon, and it requires the production of documents related to all retaliation claims, not just retaliation for filing a worker's compensation claim.

> Request for Production 52 requires Wal-Mart to produce:

> Copies of records maintained by Defendants detailing the record of all occupational injuries and illnesses that occurred for a period of five years prior to the date of Plaintiff's termination to the present.

Wal-Mart objected to RFP 52 on the ground "it seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence and that is confidential and proprietary," and it is "overly broad in time and scope." Wal-Mart argues in its mandamus petition that this request is not limited to the store where Calderon worked or even to El Paso County.

Calderon argues that the trial court did not abuse its discretion by entering the March 12 discovery order because Wal-Mart did not present any evidence supporting its objections to these three discovery requests. Rule 193.2(a) requires a party to make any objections to discovery in writing and specifically state the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request. TEX.R.CIV.P. 193.2(a). The party making the objection to a discovery request must present any evidence necessary to support the objection. TEX.R.CIV.P. 193.4(a); *see In re CI Host, Inc*., 92 S.W.3d 514, 516 (Tex. 2002)(orig. proceeding)("Any party making an objection or asserting a privilege must present any evidence necessary to support the objection or privilege."). As the rule recognizes, evidence may not always be necessary to support a claim of protection from discovery. *In re Union Pacific Resources Company*, 22 S.W.3d 338, 341 (Tex. 1999)(orig. proceeding). Evidence is not necessary to support an objection if the discovery requests themselves demonstrate overbreadth as a matter of law. *In re Union Pacific Resources,* 22 S.W.3d at 341; *In re Memorial Hermann Healthcare System*, 274 S.W.3d 195, 202 (Tex.App.--Houston [14th Dist.] 2008, orig. proceeding). Wal-Mart's overbreadth and irrelevance objections can be resolved by examining the language of the discovery requests. We conclude that Wal-Mart was not required to present

evidence in support of its overbreadth and relevance objections to these three discovery requests.

Calderon also contends that the trial court did not abuse its discretion by entering the discovery order because Wal-Mart failed to articulate its objections to the discovery requests at the March 12 hearing and it agreed to produce the requested discovery.[5] Wal-Mart objected in writing as required by Rule 193.4(a), but Respondent expressed frustration with Wal-Mart because it had objected to nearly all of the discovery requests, yet it had failed to show at the hearing why it had not responded to discovery.[6] Wal-Mart did not take that opportunity to present argument in support of its objections. When Respondent informed the parties that he understood Wal-Mart's "main objection was the protective order," Wal-Mart's counsel agreed and added that they also hoped to reach an agreement with opposing counsel with respect to the electronically stored information. Respondent specifically asked Wal-Mart's counsel to address the motion to compel with respect to the interrogatories, and counsel replied that Wal-Mart had responded to the interrogatories, "[a]nd to the extent that we have not in any way responded fully, we will respond fully and cooperate." Calderon objected to the representation that Wal-Mart had responded to Interrogatory 15 and asserted that Wal-Mart had not provided any response. Wal-Mart's counsel stated the basis for the objection to this interrogatory, but she also told the court that they would supplement the response to Interrogatory 15. When the trial court asked whether Wal-Mart's counsel had anything else to present regarding interrogatories one through eighteen, she replied that she did not.

When addressing the motion to compel as it pertained to the requests for production,

---

[5] Calderon clarified at oral argument that she is not arguing that Wal-Mart waived its objections to the discovery requests. She instead contends that the trial court could not have abused its discretion by granting the motion to compel given that Wal-Mart failed to present any argument in support of its objections at the hearing and it expressly agreed to produce the requested discovery.

[6] Wal-Mart objected to sixteen of the eighteen interrogatories. Similarly, it objected to sixty-nine of the seventy-four requests for production.

Wal-Mart's counsel stated:

> Specifically, we have already produced documents and have agreed to continue producing documents that are responsive as they come in. We have also agreed to produce certain documents that have sensitive information about third parties and medical information and information that is not -- shouldn't be publicly accessible -- that we will be producing that pursuant to a protective order.
>
> We have attempted to confer with plaintiff's counsel multiple times on a protective order but have not received a response of any form to date, which is why we ultimately moved for entry of this protective order so that we could move forward with producing these documents that we want to produce. But, you know, that being said, we need to protect the information that is in those documents.
>
> Third, we've also agreed that we will produce certain electronically stored information but that we need to come to an agreement on search parameters. And we've been working internally to come up with some proposed search terms. Again, we're not looking to stonewall discovery on this. We're just trying to discuss this and confer so that we can try to narrow the issues and make sure that we're getting the information that's relevant without conducting this huge fishing expedition into the electronic information.
>
> Again, you know, the issue here to us is that we are cooperating with the discovery. We're trying to produce documents. We have not -- plaintiff has not identified any specific documents that we have not produced or have not agreed to produce that we're aware of, which is, you know -- and that's detailed in our response. And we address every single one of the requests and interrogatories that he raises -- or that she raises, excuse me, in her motion to compel. Wal-Mart additionally represented to the trial court that it would continue to look for a video requested by Calderon. At another point in the hearing, Wal-Mart's counsel stated that to the extent additional information was raised at the hearing, 'we will cooperate and attempt to produce everything -- or we will produce anything that is available.'

When considered in light of its failure to present any argument in support of its objections to the discovery requests, Wal-Mart effectively abandoned its objections by affirmatively representing to the trial court during the March 12 hearing that it would fully comply with the discovery requests. We decline to hold that the trial court abused its discretion by granting the motion to compel when Wal-Mart assured the court that it would comply with the discovery requests. Issue Two is overruled.

- 12 -

## DENIAL OF MOTION FOR PROTECTIVE ORDER

In Issue Three, Wal-Mart contends that the trial court erroneously denied its motion for a protective order to shield the confidential information of Wal-Mart and its associates. More specifically, it asserts that Respondent should have granted a protective order with respect to the "information relating to settlements or other resolution of non-parties' complaints or charges . . . as well as records relating to work-related injuries . . . ." According to Wal-Mart, the discovery order reaches documents protected by federal laws that protect medical and other personal information, including HIPAA, the Americans with Disabilities Act, and the Family and Medical Leave Act.

A person from whom discovery is sought may move within the time permitted for response to the discovery request for a protective order. TEX.R.CIV.P. 192.6(a). A motion for a protective order should not be made when an objection to written discovery is appropriate, but a motion does not waive the objection. *Id.* A person must comply with a discovery request to the extent protection is not sought unless it is unreasonable under the circumstances to do so before obtaining a ruling on the motion. *Id.* The party seeking a protective order must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. *See In re Collins,* 286 S.W.3d 911, 919 (Tex. 2009)(orig. proceeding).

Wal-Mart filed a motion for protective order on February 25, 2015 alleging broadly that "discovery . . . will likely involve confidential and/or proprietary information," and it attached a proposed protective order to the motion. The motion for protective order is not supported by any evidence, and it did not bring to the trial court's attention the specific arguments raised in Issue Three. At the hearing on the motion to compel, counsel for Wal-Mart and Calderon briefly argued their respective positions on Wal-Mart's request for a protective order. Wal-Mart's

attorney mentioned that she was seeking a protective order with respect to third parties' medical and worker's compensation information. She did not raise any argument regarding the requested production of settlement agreements. On March 18, 2015, Wal-Mart filed a motion to reconsider the March 12 discovery order. Among other things, Wal-Mart asserted that RFP 52 required it to produce 60,000 casualty claims files which contained protected health information for its associates, and RFP 21 and RFP 28 required it to produce confidential settlement agreements.

While Wal-Mart broadly alleged in its motion that it sought protection for confidential information, it failed to establish in either its motion or at the hearing the exact nature of the information it sought to protect from disclosure. Further, Wal-Mart did not present evidence establishing a particular, specific, and demonstrable injury by facts sufficient to justify a protective order. Because Wal-Mart failed to meet its burden of establishing that a protective order was necessary, we conclude that the trial court did not abuse its discretion by denying the request for a protective order. *See In re K.L. & J. Ltd. Partnership*, 336 S.W.3d 286, 293 (Tex.App.--San Antonio 2010, orig. proceeding)(trial court abused its discretion by granting motion for protective order where party failed to make the required showing in the trial court). Issue Three is overruled.

### SANCTIONS FOR DISCOVERY VIOLATIONS

In Issue Four, Wal-Mart argues that the trial court abused its discretion by denying Wal-Mart's emergency motion to stay and for reconsideration of the March 12 discovery order. It also challenges the monetary sanctions ordered by the trial court for non-compliance with the discovery order. The trial court entered orders on March 26, April 2, and April 9, 2015 granting Calderon's motions to compel and finding Wal-Mart in contempt and assessing fines as a punishment. In each of those orders, the trial court also assessed attorney's fees against Wal-

Mart in the amounts of $4,200, $2,450, and $4,900, as sanctions for discovery abuse. Monetary sanctions are generally not subject to mandamus review because they can be properly reviewed on appeal from a final judgment. *See* TEX.R.CIV.P. 215.2(b)(8); *Braden v. Downey*, 811 S.W.2d 922, 928-29 (Tex. 1991); *In re Noble Drilling*, 449 S.W.3d 625, 632 (Tex.App.--Houston [1st Dist.] 2014, orig. proceeding). If the party is ordered to pay a discovery sanction before rendition of an appealable judgment, as in this case, the party may not have an adequate remedy by appeal. *Braden*, 811 S.W.2d at 929-30.

Calderon's first motion to compel addressed eighty-six of its discovery requests. In Issue Two, Wal-Mart challenged only three of those discovery requests, and we determined in that Wal-Mart failed to show that the trial court abused its discretion by granting the motion to compel and entering the discovery order on March 12, 2015. Even if we assume for the sake of argument that Wal-Mart is correct that Interrogatory 14 and Requests for Production 21 and 52 are overbroad or require it to produce irrelevant information, Wal-Mart still has not shown that the trial court abused its discretion by entering the discovery order with respect to the remaining eighty-three discovery requests. Further, Wal-Mart's mandamus petition does not include any argument or citation to authority in support of its claim that the trial court abused its discretion by granting Calderon's subsequent motions to compel and assessing attorney's fees against Wal-Mart for discovery abuse. *See* TEX.R.APP.P. 52.3(h)("The petition must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record."). Wal-Mart has failed to show that the trial court clearly abused its discretion by awarding to Calderon her attorney's fees as a sanction for discovery abuse. Issue Four is overruled.

Having overruled Issues Two, Three, and Four, we deny the mandamus relief requested in connection with those issues. Having sustained Issue One, we conditionally grant the writ of mandamus and order Respondent to vacate the void contempt orders entered on March 26, 2015, April 2, 2015, and April 9, 2015. Respondent is further ordered to enter the necessary order to return to the Wal-Mart defendants the contempt fines they paid in satisfaction of these contempt orders. The writ will issue only if Respondent fails to comply.

December 14, 2016

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.