# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00606-CV

---

**In re Roger Galpin and James Sharp**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relators have filed a petition for writ of mandamus complaining that the trial court abused its discretion in an August 28, 2023 order when the court granted emergency relief and ordered certain funds held by Relators be deposited in the court's registry. Relators contend that the trial court failed to hold a hearing or consider sufficient evidence before exercising its inherent authority to order the deposit of funds into the court's registry. *See, e.g.*, *In re G-M Water Supply Corp.*, No. 12-16-00223-CV, 2016 WL 6873181, at \*2 (Tex. App.—Tyler Nov. 22, 2016, orig. proceeding) ("A trial court has inherent authority to order a party to pay disputed funds into the court's registry if there is evidence that the funds are in danger of being lost or depleted."). *But see Zhao v. XO Energy LLC*, 493 S.W.3d 725, 735 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (recognizing disagreement amongst courts of appeals whether challenges to orders to deposit funds into registry may be brought by interlocutory appeal).

In that same August 28, 2023 order, however, the trial court separately granted real party in interest's motion for issuance of a show cause order and ordered Relators appear

before the trial court for a show cause hearing concerning Relators alleged violations of a temporary injunction. Relators were personally served on September 18 and 19, 2023; the show cause hearing was held on October 11, 2023; and the trial court entered a contempt order on October 13, 2023. That contempt order granted the motion for contempt in part, finding Relators violated the temporary injunction, and ordered Relators to deposit the same disputed funds in the court's registry. Relators have not raised any arguments or challenges to the portions of the trial court's August 28, 2023 order granting the motion for issuance of a show cause order or the October 13, 2023 contempt order. *See In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 630 (Tex. App.—El Paso 2016, orig. proceeding) ("Mandamus is available to challenge an order of contempt not involving confinement."). Regardless of whether the trial court may have abused its discretion in ordering deposit of the funds under its inherent authority, there thus remains an independent and unchallenged basis for requiring the funds be deposited in the trial court's registry: the trial court's exercise of its contempt powers. *See id.* at 631 (explaining that criminal contempt is "punitive in nature" and involves punishing party for "completed act which affronted the dignity and authority of the court" (quoting *In re Reece*, 341 S.W.3d 360, 365 (Tex. 2011) (orig. proceeding))). We therefore deny the petition for writ of mandamus, and lift this Court's temporary stay of the underlying proceeding. *See* Tex. R. App. P. 52.8(a), 52.10(b).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Filed: November 1, 2023

2