

**IN THE**
**TENTH COURT OF APPEALS**

———————

**No. 10-24-00264-CV**

**IN RE AMBER HUNTER**

———————

**Original Proceeding**

———————

**From the 18th District Court**
**Johnson County, Texas**
**Trial Court No. DC-D2024-00429**

**MEMORANDUM  OPINION**

Relator, Amber Hunter, seeks mandamus relief against the Honorable Sidney Hewlett, Judge of the 18th District Court of Johnson County, Texas.  Hunter complains of Respondent's June 13, 2024 denial of her "First Amended Motion to Set Aside the Void Portion(s) of Contempt Order, For Release of Funds."  We conditionally grant the writ.

## Background

Hunter and Real Party in Interest Ivan Stober were divorced in Denton County, Texas in 2014.[1]  The decree included an order appointing them joint managing conservators of their two children and specified the terms of the standard possession order.  In 2019, Stober filed a motion for enforcement of possession or access in the Denton County court.  He alleged six violations of the divorce decree and asked the court to hold Hunter in contempt.  A hearing was held on the 2019 motion on December 5, 2022.

On May 19, 2023, the Denton County court rendered an order entitled "Corrected Order Holding Respondent in Civil Contempt."  The court found, by a preponderance of the evidence, that Hunter is in civil contempt for violation number 2, noncompliance with the morality clause in the divorce decree, and violation number 6, failure to comply with the decree's visitation schedule on December 21, 2018.  The court assessed a sanction of $5.00 per day for 1,921 days for violation 2, for a total sanction of $9,605.00.  It further sanctioned Hunter $395.00 for violation number 6.  The court ordered Hunter to make payments to Stober's attorney monthly.  The court also ordered Hunter to pay $1,400.00 in attorney's fees, expenses, and costs.

On June 29, 2023, after Hunter had paid $2,500.00 in sanctions, the Denton court rendered an "Order for Cash Supersedeas Bond on Appeal/Writ of Mandamus,"

---

[1] We do not attempt to describe all events occurring in proceedings between these parties.  Gaps in the recited timeline merely reflect the fact that other events are not pertinent to resolution of the issues before this Court.

suspending the sanction judgment on the condition that Hunter deposit future payments into the registry of the court. That order provided that, if Hunter's writ of mandamus regarding the sanction is successful, the funds in the court's registry shall be disbursed to Hunter. On September 7, 2023, Hunter filed a motion to transfer the suit to Johnson County where the children now reside. Thereafter, the Denton court rendered an "Order Transferring Suit Affecting Parent-Child Relationship" to Johnson County.

On June 10, 2024, Hunter filed, in Respondent's court, her first amended motion to set aside the void portions of the contempt order and for release of funds. At the June 13, 2024 hearing, Respondent acquainted herself with the case and determined how she wanted to proceed. Without allowing Hunter to present any evidence or argument, Respondent explained that Hunter's "motion to set aside a portion of a contempt order entered in 2023 by a different Judge is denied at this time." Also on June 13, 2024, Respondent signed an order stating: "The Court denies without hearing the motion to set aside a May 19, 2023 Contempt Order entered by the 393rd D.C. of Denton County, TX."

STANDARD OF REVIEW AND APPLICABLE LAW

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion and the relator lacks an adequate appellate remedy. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable

that it is a clear and prejudicial error of law or if it fails to correctly analyze or apply the law to the facts. *Id.* at 302-03; *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We defer to a trial court's factual determinations that have evidentiary support, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Mandamus relief may be afforded where the trial court's order is void. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 448 (Tex. App.—Fort Worth 2000, orig. proceeding).

Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority. *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). Contempt orders are not appealable. *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied). Where a relator is not currently restrained of her liberty, a contempt order may be challenged in the context of a mandamus proceeding. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam).

A judgment of contempt may be either civil or criminal. *Cadle Co.*, 50 S.W.3d at 667. The distinction between civil and criminal contempt lies in the nature and purpose of the penalty imposed. *Id*. In a civil contempt order, the court attempts to persuade the contemnor to perform or obey a previous order, usually through a conditional penalty. *Id*. The proceedings for civil contempt are between the original parties, and a civil contempt order works to the benefit of the opposing litigant. *See Ex parte Powell*, 883

S.W.2d 775, 778 (Tex. App.—Beaumont 1994, orig. proceeding). A criminal contempt

order is punitive in nature. *Cadle Co.*, 50 S.W.3d at 667. In criminal contempt proceedings,

the court punishes the contemnor for some completed act that affronted the court's

dignity and authority, and no subsequent voluntary compliance can enable the

contemnor to avoid punishment. *Id.*

## Nature and Validity of Contempt Order

In her first issue, Hunter contends the purpose of the contempt order was to

punish her for two alleged past violations of the parties' divorce decree and, therefore,

the contempt order is a criminal order. She argues that the order is void because it

violates her due process rights and attempts to hold her in contempt for failure to comply

with a contractual provision of the divorce decree.

Violation of Visitation Order

The complained-of order is entitled "Corrected Order Holding Respondent in

Civil Contempt." Under a section entitled "Civil Contempt Findings" it states:

> The Court Finds that Ixxx Sxxxxx's request for civil contempt
> is GRANTED.
> The Court finds by a preponderance of the evidence that
> Axxxx Hxxxxx, Respondent, is in civil contempt for violations
> 2 and 6.

The lower court's characterization of the order is not conclusive. *Southern Ry. Co. v.*

*Lanham*, 403 F.2d 119, 124 (5th Cir. 1968). Respondent's subjective intent is irrelevant as

the proper focus is on the language in the contempt order and how the order operates.

*In re Wal-Mart Stores, Inc.*, 545 S.W.3d 626, 631 (Tex. App.—El Paso 2016, orig. proceeding). Therefore, we look to the nature and purpose of the penalty imposed. *See Cadle Co.*, 50 S.W.3d at 667. The Denton trial court assessed a sanction of $395.00 for violation number 6, the failure to allow visitation on one occasion almost four- and one-half years before entry of the contempt order. The order does not set out any condition that, if complied with, would allow Hunter to avoid paying that $395.00 sanction. By ordering that sanction, the trial court punished Hunter for a past act, her refusal to obey the trial court's order. Since the $395.00 sanction for Hunter's failure to allow Stober visitation on December 21, 2018 was non-coercive, unconditional, punishment for a completed act, we find the sanction for violation number 6 is criminal. *See id.*

Criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings, including the requirement that the offense be proved beyond a reasonable doubt. *Hicks v. Feiock*, 485 U.S. 624, 632 (1988). A criminal contempt conviction for disobeying a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order, (2) a violation of the order, and (3) the willful intent to violate the order. *Ex parte Chambers*, 898 S.W.2d at 259.

Here, the contempt order shows on its face that the trial court applied the "preponderance of the evidence" standard. A criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt. *Id.* Application of the wrong legal standard constitutes an abuse of discretion. *See In re H.E.B. Grocery*

*Co., L.P.*, 492 S.W.3d at 302-03. Thus, the portion of the contempt order finding Hunter in contempt for violation number 6, noncompliance with the visitation order on December 21, 2018, is void because it violated Hunter's due process rights. *See Ex parte Chambers*, 898 S.W.2d at 259.

Morality Clause

Hunter contends that the portion of the contempt order sanctioning her for violation number 2 is void. Violation number 2 alleged that, beginning in September 2017, she cohabitated with a named individual with whom she was having an intimate or dating relationship. That allegation is apparently an assertion that Hunter violated the morality clause of the divorce decree. Hunter asserts that clause is not enforceable by contempt.

Whether or not a decree is enforceable by contempt depends on the nature of the decree itself. *Ex parte Gorena*, 595 S.W.2d 841, 845 (Tex. 1979) (orig. proceeding). An agreement between divorcing parties that is incorporated into a final divorce decree is treated as a contract. *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984) (op. on reh'g). Merely incorporating an agreement into the recitals of a divorce decree, without a mandate from the court, is not sufficient to change its contractual nature. *In re Coppock*, 277 S.W.3d 417, 419 (Tex. 2009) (orig. proceeding). Command language is essential to create an order enforceable by contempt. *Id*.

After identifying the parties and determining that the court has jurisdiction, in a paragraph entitled "Agreement of Parties," the divorce decree provides:

> The Court finds that the parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract. The Court approves the agreement of the parties as contained in this Final Decree of Divorce.

Under the sub-heading "Other Parenting Plan Provisions" the decree provides as follows:

> 3. Morality Clause –
> Morality Clause – The parents agree that no unrelated person of the opposite sex with whom the parent is involved in an intimate relationship shall spend the night when the children are in the parent's care.

The lengthy divorce decree specifically identifies numerous orders beginning with the fact that the parties are divorced, and including orders regarding conservatorship, possession, child support, health care for the children, division of the marital estate, taxes, Hunter's name change, costs, discovery, and indemnification. However, nowhere in the decree are the parties ordered to refrain from allowing an unrelated person of the opposite sex with whom that parent is involved in an intimate relationship to spend the night when the children are in that parent's care.

The divorce decree does not contain sufficient language to advise the parties that refraining from the described conduct is mandatory. *Id.* Without decretal language making clear that a party is under order, agreements incorporated into divorce decrees

are enforced only as contractual obligations. *Id.* at 420. Obligations, such as the morality clause at issue here, that are merely contractual cannot be enforced by contempt. *Id.* Therefore, the portion of the contempt order holding Hunter in contempt for violation number 2 is void. *Id.*

We sustain Hunter's first issue to the extent she complains that the contempt order is void because the trial court applied the wrong standard to find her in contempt of violation number 6 and violation number 2 cannot be enforced by contempt. We need not reach the remainder of her arguments in her first issue or the arguments in her second and third issues. *See* TEX. R. APP. P. 47.1.

**Conclusion**

The portion of the contempt order holding Hunter in contempt for violation number 6 is void because the Denton trial court applied the wrong standard. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302-03. The portion of the contempt order holding Hunter in contempt for violation number 2 is void because it punishes Hunter for violating a contractual agreement between the parties. *See In re Coppock*, 277 S.W.3d at 419. The trial court abused its discretion by refusing to vacate the contempt order. *See In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d at 302. Accordingly, we conditionally grant Hunter's petition for writ of mandamus. *See In re Acceptance Ins. Co.*, 33 S.W.3d at 448.

We direct Respondent to vacate her June 13, 2024 order denying Hunter's "Motion to Set Aside the Void Portion of the Contempt Order, For Release of Funds" and the May

19, 2023 "Corrected Order Holding Respondent in Civil Contempt" in its entirety. Furthermore, Respondent is directed to order Real Party in Interest Ivan Stober and his attorney, William E. Johnson, to return to Hunter the payments Hunter paid to them pursuant to the sanction order and to release to Hunter the funds held in the registry of the court. The writ will issue only if Respondent fails to act as directed herein within twenty-one days of this opinion.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurs)
Writ conditionally granted
Opinion delivered and filed November 21, 2024
[OT06]

